Slip Op. 19-66

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| MIDWEST FASTENER CORP.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>MID CONTINENT STEEL & WIRE, INC.,<br><br>Defendant-Intervenor. | Before: Gary S. Katzmann, Judge<br>Court No. 17-00131 |

## OPINION

[United States Department of Commerce's Final Results of Redetermination pursuant to Court Remand are sustained.]

Dated: June 3, 2019

Robert K. Williams, Mark R. Ludwikowski, and Lara A. Austrins, Clark Hill PLC, of Chicago, IL, for plaintiff.

Sosun Bae, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Joseph H. Hunt, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was David W. Campbell, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Adam H. Gordon, and Ping, Gong, The Bristol Group PLLC, of Washington, DC, for defendant-intervenor.

Katzmann, Judge: The court returns to the question of whether plaintiff Midwest Fastener Corp. ("Midwest's") zinc and nylon anchor products are nails. Before the court now is the United States Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce Dec. 21, 2018) ("Remand Results"), ECF No. 50, which the

court ordered in Midwest Fastener Corp. v. United States, 42 CIT __, 335 F. Supp. 3d 1355 (2018). Under protest, Commerce found that Midwest's zinc and nylon anchors were outside the scope of Certain Steel Nails from the Socialist Republic of Vietnam: Countervailing Duty Order, 80 Fed. Reg. 41,006 (July 14, 2015) and Certain Steel Nails from the Republic of Korea, Malaysia, the Sultanate of Oman, Taiwan, and the Socialist Republic of Vietnam: Antidumping Duty Orders, 80 Fed. Reg. 39,994 (July 13, 2015) (collectively the "Orders"). Midwest requests that the court sustain the Remand Results and reiterate the bases of its original remand order. Pl.'s Comments on the Dep't of Commerce's Final Results of Redetermination Pursuant to Court Remand ("Pl.'s Br."), Jan. 24, 2019, ECF No. 54. Defendant-Intervenor Mid Continent Steel & Wire, Inc. ("Mid Continent") requests that the court reconsider its previous decision and remand order. Def.-Inter.'s Comments on Remand Redetermination ("Def-Inter.'s Br."), Jan. 22, 2019, ECF No. 51. The court sustains Commerce's Remand Results.

## BACKGROUND

The relevant legal and factual background of the proceedings involving Midwest has been set forth in greater detail in Midwest, 335 F. Supp. 3d at 1359–62. Information pertinent to the instant case is set forth below.

On May 17, 2017, Commerce determined that Midwest's zinc and nylon anchors fell within the scope of antidumping and countervailing duty orders covering steels nails from Vietnam. Antidumping and Countervailing Duty Orders on Certain Steel Nails from the Socialist Republic of Vietnam: Final Scope Ruling on Midwest Fastener, Corp.'s Zinc and Nylon Anchors (Dep't Commerce May 17, 2017), P.R. 17 ("Final Scope Ruling"). Midwest appealed the Final Scope Ruling to this court, arguing that its anchors are not steel nails and, thus, could not fall within the scope of the orders. In Midwest, 335 F. Supp. 3d at 1362–64, the court held that the plain language

of the Orders excluded Midwest's zinc and nylon anchors, and remanded to Commerce for redetermination consistent with its opinion. On November 29, 2018, Commerce issued a Draft Remand Redetermination in which it found, pursuant to the court's remand order, that Midwest's anchors are outside the scope of the Orders. See Remand Results at 2. Midwest and Mid Continent submitted timely comments in response, see id., and Commerce issued its Remand Results on December 21, 2018, see generally id. Under respectful protest, Commerce again found that Midwest's zinc anchors fell outside the scope of the Orders. Id. at 2, 5–7. Midwest and Mid Continent submitted their comments on the Remand Results on January 24, 2019, and January 22, 2019, respectively. Pl.'s Br.; Def.-Inter.'s Br. Defendant the United States submitted its response to these comments on February 7, 2019. Def.'s Resp. to the Parties' Comments on the Dep't of Commerce's Final Results of Redetermination ("Def.'s Resp."), ECF No. 58.

## DISCUSSION

Commerce's Remand Results are consistent with the court's remand order and previous opinion. However, Mid Continent urges the court to reconsider its previous decision, and expresses concerns about the court's use of dictionaries in interpreting the plain language of the scope, whether the court "judicially voided" scope language stating that "steel nails may . . . be constructed of two or more pieces," and whether the court's decision is consistent with the Federal Circuit's opinion in Meridian Prods., LLC v. United States, 890 F.3d 1272 (Fed. Cir. 2018). Def.-Inter.'s Br. at 2–6. These asserted concerns are not meritorious. The court based its determination in Midwest, 355 F. Supp. 3d at 1362–64, not only on dictionary definitions of nails, see NEC Corp. v. Dep't Commerce, 23 CIT 727, 731, 74 F. Supp. 2d 1302, 1307 (1999), but also upon close consideration of all of the scope language in the Orders -- including the phrase "of two or more pieces" -- and record evidence, including evidence of trade usage, see ArcelorMittal Stainless

Belg. N.V. v. United States, 694 F.3d 82, 87 (Fed. Cir. 2012).[1]  Midwest's zinc and nylon anchors are simply not nails "constructed of two or more pieces" because, as discussed in Midwest, 335 F. Supp. 3d at 1363, they do not function like nails and because record evidence demonstrates that anchors like Midwest's are considered a separate type of product from nails by the relevant industry.  The court reiterates that Meridian Prods., 890 F.3d 1272, does not undermine this analysis or determination.  See Midwest, 335 F. Supp. 3d at 1364 n.4.

## CONCLUSION

Commerce's Remand Results are sustained.

**SO ORDERED.**

/s/  Gary S. Katzmann
Gary S. Katzmann, Judge

Dated:  June 3, 2019
        New York, New York

---

[1] Commerce acknowledges that the court's decision was not "based solely on the common dictionary definition of a nail."  See Def.'s Resp. at 6.